**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHRYN ANN WATSON and STEVEN R. WATSON, | § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | CASE NO. 4:13cv137 Judge Clark/Judge Mazzant |
| ERIC WATSON, WELLS FARGO BANK, N.A., COURTNEY SMITH, BENEFIT PAYEE SERVICES, INC., and AMERICAN HOMES 4 RENT, L.P., | § § § § § § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 29, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff Kathy Watson's Motion to Remand [Doc. #8] be denied [Doc. #13]. On June 18, 2013, plaintiff filed her First Amended Objections to Report and Recommendation of United States Magistrate Judge [Doc. #19]. On July 1, 2013, defendant Wells Fargo Bank, N.A. filed a response [Doc. #23].

Plaintiff Kathy Watson filed her original petition initiating this action in the 429th Judicial District Court of Collin County, Texas, on February 1, 2013, regarding the foreclosure of her home. Plaintiff served process on defendant American Homes 4 Rent, L.P. ("American Homes") on February 4, 2013, on Wells Fargo Bank, N.A. ("Wells Fargo") on February 11, 2013, and on Eric

1

Watson on February 16, 2013. Plaintiff alleges that returns of service on American Homes and Wells Fargo were filed with and accepted by the state court. However, the original civil citation and affidavit of service on Eric Watson were lost or destroyed at some point between delivery from plaintiff's Colorado process server to plaintiff's local process server to plaintiff's counsel.

On March 13, 2013, Wells Fargo removed this case to this court based upon diversity jurisdiction. American Homes consented to the removal, but Eric Watson did not. Plaintiff alleges that on March 19, 2013, having not located the original proof of service on Eric Watson, despite a diligent search, plaintiff filed with the clerks of both the state court and this court a copy of the February 17, 2013 Affidavit of Service on Eric Watson. The proof of service was allegedly accepted by the state court, but rejected by the clerk of this court. On April 9, 2013, plaintiff's agent executed an additional affidavit swearing to the February 16, 2013 service on Eric Watson.

The issue raised by the motion to remand is whether Wells Fargo was required to obtain the consent of Eric Watson prior to removal. The Magistrate Judge determined that there were exceptional circumstances that relieved Wells Fargo from obtaining the consent of Eric Watson. Plaintiff now objects to that recommendation of the Magistrate Judge.

Plaintiff first requests leave to submit additional evidence not presented to the Magistrate Judge. The Magistrate Judge noted in a footnote that "[a]lthough Plaintiff could have immediately filed the e-mailed copy of the Affidavit of Service in state court, Plaintiff did not do so until March 19, 2013, after this case was removed to federal court." Plaintiff asserts that she did not have the ability to file the February 16, 2013 return of service on Eric Watson prior to March 15, 2013. Plaintiff concedes that the motion to remand erroneously stated that Plaintiff's counsel received an e-mailed copy of the Eric Watson return of service on February 17, 2013. Plaintiff now argues that

2

the statement in the motion was not sworn to and is not factually accurate. Plaintiff now states that counsel did receive an e-mail from ABC Process Service on February 27, 2013, that referenced an attached copy of the Eric Watson return of service, but the e-mail did not contain any attachment. Plaintiff's counsel apparently did not receive a copy of the Eric Watson return of service until March 15, 2013. Thus, Plaintiff asserts that she could not have filed the return of service prior to Well Fargo's notice of removal on March 13, 2013, and the court should not take any contrary allegation into consideration when determining whether the removal was proper. Plaintiff now offers evidence to refute her own statement in the motion, asserting that counsel had no idea that the statement would be dispositive of the Magistrate Judge's decision. Plaintiff argues that this evidence is important to her case because it appears to reflect bad faith on her part, when, in fact, Plaintiff diligently tried to locate the missing return of service in the fifteen days between February 27, 2013, and March 15, 2013.

Wells Fargo asserts that plaintiff's new evidence only further supports the Magistrate Judge's conclusion that exceptional circumstances existed in this case. Wells Fargo argues that the new evidence demonstrates that Eric Watson was not properly served prior to removal. The rule of unanimity only applies to defendants who have been properly joined and served. 28 U.S.C. § 1446(b)(2)(A). Wells Fargo points to the Texas Rules for service, which require the process server to execute and return the citation "without delay." Tex. R. Civ. P. 105. Wells Fargo argues that for the service to be proper under Texas law, the process server must execute and return the citation without delay. In this case, based upon Plaintiff's new evidence, the process server did not return the citation on Eric Watson without delay. The process server delayed returning the citation until March 15, 2013, which is about one month after service allegedly took place. Wells Fargo makes

a valid argument that Eric Watson was not properly served, therefore his consent was not required.

Even if the court assumes that Eric Watson was properly served, the court finds that the Magistrate Judge did not err in finding that exceptional circumstances were present. The facts of this case demonstrate that Eric Watson was allegedly served on February 16, 2013, but plaintiff did not file the return of service until March 19, 2013, six days after this case was removed to federal court.

Plaintiff also objects to the report to the extent that it discusses plaintiff's family relationship to Eric Watson and the implication that this signals bad faith on the part of plaintiff. This objection is baseless and is rejected. The Magistrate Judge did not make such a finding, but instead, specifically found that no ill motives were being alleged in this case. The Magistrate Judge did note that it was an interesting fact about the relationship of the parties; however, the Magistrate Judge did not find that there was bad faith on the part of plaintiff.

Plaintiff next objects to the finding that Wells Fargo was excused from obtaining Eric Watson's consent. Plaintiff argues that Wells Fargo did not exercise due diligence. Plaintiff also objects to the finding that Wells Fargo had no way to contact Eric Watson. Plaintiff also contends that Wells Fargo's reliance on *Milstead Supply Co. v. Casualty Insurance Co.*, 797 F. Supp. 569 (W.D. Tex. 1992) and *Waffer v. City of Garland*, No.3:01cv1355-G, 2001 WL 1148174, at *2 (N.D. Tex. Sept. 19, 2001) is contrary to the great weight of district court cases in the Fifth Circuit.

These objections are overruled. Wells Fargo not only consulted the unofficial internet docket of the state court, but called the clerk of the state court to determine if Eric Watson was served on the day the case was removed to this court. Further, plaintiff's objection to the Magistrate Judge's finding is irrelevant. Wells Fargo was not obligated to contact a defendant who was not properly joined and served to obtain his consent for removal. In addition, the Magistrate Judge determined

that there was no Fifth Circuit decision or district court opinion that addressed the specific fact situation that appears in this case. The Magistrate Judge did not solely rely upon *Milstead* and *Waffer,* but the court notes that both cases do offer the most relevant authority in this case. The cases cited by plaintiff are inapposite to the facts presented by the present case. *See Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 667-69 (E.D. Tex. 1999) (finding no evidence that any removing defendant was unaware of service upon other defendants, and no evidence that defendants exercise due diligence to ascertain the service on other defendants); *Marquette Bus. Inc. v. Am.'s Kitchen, Inc.*, No. 3:09-CV-1937, 2010 WL 1711767, at *3 (N.D. Tex. April 28, 2010) (finding that no exceptional circumstances existed when defendant waives any challenge to the validity of the service, the defendant does not consent to removal, and as of the date the court decides the motion to remand still has not consented to removal); *LinkEx, Inc. v. CH Robinson Co., Inc.*, No. 3:410-CV-2372-M, 2011 WL 1447570, at *2 (N.D. Tex. April 12, 2011) (denying plaintiff's motion to remand when the non-consenting codefendant later consented to removal). The court agrees with the Magistrate Judge that there are exceptional circumstances based upon the facts of this case.

Plaintiff next objects to the report's finding that plaintiff has waived the issue of Eric Watson's continued failure to consent to removal. The Magistrate Judge mentioned in a footnote that the parties did not address this issue in the briefing. Plaintiff contends that she raised this issue in her reply brief [Doc. #10 at 3]. Courts often do not consider arguments raised for the first time in a reply brief. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008). It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs.") (citations omitted). Further, plaintiff did not raise this as a distinct issue for consideration, but rather as a citation in support of her argument that the court should not consider

the *Milstead* case. Moreover, what is more interesting and pertinent to this case is that Eric Watson has never moved to remand or otherwise object to removal, which he would be entitled to do if he so desired. Eric Watson has not done so, and the court finds this objection is overruled.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff [Doc. #19], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Kathy Watson's Motion to Remand [Doc. #8] is **DENIED**.

So **ORDERED** and **SIGNED** this **17** day of **September, 2013.**

_____
Ron Clark, United States District Judge